UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNELL WATTS,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK COVELLO, et al.,<br><br>    Defendants. | No. 2:22-cv-02311-EFB (PC)<br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges that while confined to Mule Creek State Prison in September 2020, he was under treatment for serious mental health needs. ECF No. 1 at 12. His mental health condition caused him to experience crisis episodes marked by suicidal tendencies, hopelessness, self-harm, and overwhelming anxiety. *Id.*

/////

On September 30, 2020, defendant Pierce allegedly approached plaintiff's cell and questioned whether plaintiff had "written him up" and told plaintiff that he handled his issues "like a man." *Id.* at 13.  He then told plaintiff that he was going to handcuff plaintiff and warned that "when the door opens, you already know what it is." *Id.* at 14.  Pierce then cuffed plaintiff with plaintiff's arms in front through cell door food port. *Id.* The housing control tower officer then opened plaintiff's cell door. *Id.*  As plaintiff began backing out of his cell, Pierce "immediately rushed at plaintiff in a tackler type form locking both arms around plaintiff['s] waist line" and slammed plaintiff to the floor. *Id.* at 15.  Plaintiff was in a prone position on the floor and did not struggle or resist. *Id.*  Nevertheless, Pierce yelled at plaintiff to "get down" and "stop resisting." *Id.*  Defendants Garibay and Tsushko then responded to the scene. *Id.*  Garibay pressed his knee into plaintiff's back while Tsushko pressed one knee against plaintiff's head and the other on plaintiff's handcuffed wrists. *Id.* at 16.  Tsushko then hit plaintiff in the face three times and attempted to gouge plaintiff's right eye. *Id.*  Garibay and Tsushko then re-handcuffed plaintiff with plaintiff's arms behind his back and Tsushko again used his knee to press the handcuffs into plaintiff's flesh. *Id.*  Tsushko then placed a spit mask over plaintiff's head so tightly that it impeded plaintiff's ability to breathe. *Id.* at 17.  Liberally construed, plaintiff's states potentially cognizable claims of Eighth Amendment excessive force against defendants Pierce, Garibay and Tsushko.

Plaintiff further alleges that unnamed "correctional officers" and "defendants" hid plaintiff in cell 150 so that they could keep plaintiff in the tightly knotted spit mask, apply more unnecessary force through the use a "triangle chain apparatus," and deny plaintiff medical care for his injuries. *Id.* at 17-21.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to defendants by alleging with at least some degree of particularity the overt acts that each defendant engaged in to support plaintiff's claims. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). *Id.*  Because the complaint refers generally to "defendants" and "correctional officers," it is not clear which defendant(s) was responsible for these additional violations.  As a result, these additional allegations cannot survive screening.

Likewise, plaintiff's claims against Warden Covello, Chief Deputy Warden Holmes, and Correctional Sergeant Vega cannot survive screening. *See* ECF No. 1 at 24, 25, 28-30. None of these defendants is alleged to have participated in the alleged use of excessive force. Rather, plaintiff has named them as defendants simply because of their roles as supervisors, which is not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff may either proceed with the Eighth Amendment excessive force claims against defendants Pierce, Garibay and Tsushko only or he may amend his complaint to cure the deficiencies identified herein. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is not obligated to amend his complaint.

<u>Leave to Amend</u>

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

/////

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, potentially cognizable Eighth Amendment excessive force claims against defendants Pierce, Garibay and Tsushko.
4. All other claims (including those against defendants Covello, Holmes, and Vega) are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: February 6, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNELL WATTS,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK COVELLA, et al.,<br><br>    Defendants. | No. 2:22-cv-02311-EFB (PC)<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the Eighth Amendment excessive force claims against defendants Pierce, Garibay and Tsushko;

OR

(2) _____   delay serving any defendant and file an amended complaint.

_____

                                                                      Plaintiff

Dated:

6